# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 06-2617

---

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Northern District of Iowa. |
| Jeffery Jay Paeper, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

---

Submitted: June 7, 2007
Filed: June 18, 2007

---

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

---

PER CURIAM.

In this direct criminal appeal of his 236-month sentence for participating in a methamphetamine-manufacturing conspiracy, Jeffery Jay Paeper challenges the district court's[1] finding that he was subject to a 4-level aggravating-role enhancement under U.S.S.G. § 3B1.1(a) for being a leader or organizer of criminal activity involving 5 or more participants or that was otherwise extensive. Upon review of the district court's finding for clear error, see United States v. Mickle, 464 F.3d 804, 807 (8th Cir. 2006), we affirm.

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

It is undisputed that more than 5 persons were involved in the conspiracy, and that Paeper directed others to obtain precursors for him and compensated some participants with small amounts of the manufactured drugs in return for their obtaining supplies for him. We cannot say that the district court's finding was clearly erroneous. See U.S.S.G. § 3B1.1, comment. (n.4) (factors distinguishing leadership and organizational role from one of mere management or supervision); United States v. Bahena, 223 F.3d 797, 804 (8th Cir. 2000) (terms "organizer" and "leader" are given broad definition in assessing applicability of enhancement); cf. United States v. Lashley, 251 F.3d 706, 712-13 (8th Cir. 2001) (evidence sufficient to support leadership enhancement where defendant directed where drugs were cooked, paid property owners in drugs, and directed others to steal precursors); United States v. Coleman, 148 F.3d 897, 902-03 (8th Cir. 1998) (evidence sufficient to support leadership enhancement based on defendant's decision-making authority over procurement of equipment, supplies, and chemical ingredients in methamphetamine-manufacturing conspiracy).

The judgment of the district court is affirmed.

---